HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIMBERLY A. KEISTER, | CASE NO. 3:11-cv-5216-RBL-JRC |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Fees, Costs, and Expenses under 28 U.S.C. § 2412 (Dkt. # 23) and Defendant's Response (Dkt. # 24). For the reasons that follow, Plaintiff's Motion is GRANTED.

The underlying case involves Plaintiff's request for judicial review of the Commissioner's final decision that Plaintiff was not disabled under the Social Security Act. Magistrate Judge Creatura determined that Administrative Law Judge failed to evaluate properly the appropriate period of alleged disability and failed without sufficient explanation or legitimate reasons to give controlling weight to the opinion by Plaintiff's treating physician that Plaintiff likely would suffer absenteeism of three or more days a month when attempting even sedentary work full time. He also determined that the ALJ erred in relying on Plaintiff's limited daily

ORDER - 1

activities when considering Plaintiff's credibility without a finding of contradiction with Plaintiff's testimony or a finding of transferability to a work setting. He therefore recommended that the matter be remanded to the Commissioner. Report and Recommendation (Dkt. # 20). This Court adopted Magistrate Judge Creatura's Report and Recommendation, and remanded this matter to the Commissioner for further administrative proceedings.

Plaintiff now seeks fees, costs, and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412. The Commissioner objects to the request, arguing that his position was substantially justified.

Plaintiff is the prevailing party in this action and is entitled to an award of attorney's fees and expenses, unless the Commissioner's position was "substantially justified." 28 U.S.C. § 2412(d)(1). For Defendant's position to be found to be "substantially justified," it must be "justified to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2011) (quoting *Pierce v. Underwood*, 487 U.S. at 565 (1988)); *Penrod v. Apfel*, 54 F.Supp.2d 961, 964 (D. Ariz. 1999) (citing Pierce, 487 U.S. at 565); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 n.6 (1990); *Flores v,. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995). Defendant has the burden of showing his position was substantially justified. *Gutierrez*, 274 F.3d at 1258.

The Commissioner essentially argues that this Court remanded this case based on a difference in interpretation of the evidence, and he was substantially justified in his position. The Commissioner's assertions are simply untrue. The Court remanded the case because it found that the ALJ failed to support his decision with substantial evidence and did not have a reasonable basis in law and in fact. The Commissioner's decision to defend the ALJ's decision therefore was not substantially justified.

Plaintiff's Motion for EAJA Fees, Costs, and Expenses is GRANTED. Plaintiff is awarded attorney's fees in the amount of $891.72, costs in the sum of $371.20, and expenses in the sum of $22.28 to Elie Halpern. Victoria Chhagan is awarded attorney's fees in the amount of $3,160.81. Plaintiff is therefore awarded attorney's fees in the total amount of $4,052.53.

IT IS SO ORDERED.

Dated this 26th day of July, 2012.

Ronald B. Leighton
United States District Judge